Adam M. Cohen (AMC-9918)
Lauren M. Dayton (LMD-9291)
KANE KESSLER, PC.
1350 Avenue of the Americas
New York, New York 10019
(212) 541-6222





Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X

LABORATORIES MIRET, S.A.

    and

VEDEQSA, INC.

    Plaintiffs,

v.

A&B INGREDIENTS, INC.
24 Spielman Road
Fairfield, New Jersey 07004

    Defendant.
---------------------------------------------------------------X

Civil No.

**COMPLAINT**

**JURY TRIAL DEMAND**

For its Complaint against A&B Ingredients, Inc., plaintiffs Laboratories Miret, S.A. and Vedeqsa, Inc. (collectively, "Plaintiffs") state as follows:

## THE PARTIES

1.    Plaintiff Laboratories Miret, S.A. ("Lamirsa") is a corporation organized and existing under the laws of Barcelona, Spain. Lamirsa has a place of business at Geminis, 4, Polig. Ind. Can Parellada, 08228 Terrasa, Spain.

2.    Plaintiff Vedeqsa, Inc. ("Vedeqsa") is a corporation organized and existing under the laws of the State of Delaware. Vedseqa has a place of business at 11 Penn Plaza, 5th Floor, New York, New York, 10001.

#288925.1

3. Defendant A&B Ingredients, Inc. ("A&B") is a corporation organized and existing under the laws of the State of New Jersey, having a place of business at 24 Spielman Road Fairfield, New Jersey, 07004. Upon information and belief, A&B regularly does business in this judicial district including through its acts of selling and offering products for sale in this district.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, Title 35, United States Code. This Court has jurisdiction under 28 U.S.C. § 1338(a), (b), and 28 U.S.C. § 1367.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## FACTUAL BACKGROUND

6. Lamirsa is a developer of specialty chemical products in a wide variety of industries, including chemicals for use in the antimicrobial market.

7. Antimicrobial products or agents are used as a preservative to reduce the possibility of food borne illnesses by controlling the risk of microbial contamination in food, including meat products and poultry products, Ready-To-Eat dishes, pasta, juices, soft drinks, and dairy products, among others products.

8. Lamirsa manufactures Lauric Arginate ($N^{\alpha}$-Lauroyl-L-arginine ethyl ester monohydrochloride), more commonly referred to as LAE. LAE is a cationic surfactant that has significant antimicrobial properties and is often referred to a Lauric Arginate preservative. Lamirsa also manufactures Mirenat-N®, a blend of LAE and other components for use as a food preservative and related preservatives.

9. Lamirsa invented a novel method of producing cationic surfactants, including LAE. Lamirsa's innovative method is protected by U.S. Patent No. 7,087,769 (the "'769 Patent"), attached as Exhibit A.

10. Lamirsa invested a substantial sum of money, time and resources in demonstrating the safety and effectiveness of LAE as a food preservative and pursued and obtained a notice from the U.S. Food and Drug Administration that LAE qualifies as a Substance Generally Recognized as Safe (GRAS notice), thus allowing its use in certain food products in the United States.

11. Lamirsa also developed significant proprietary know-how and confidential technical and business information relating to the effectiveness, use, potential applications and marketing of LAE based products ("LAE Trade Secrets"), including Miranet-N®, and spent substantial time, money and resources in developing a market for Lauric Arginate preservatives in the United States and elsewhere.

12. Vedeqsa is the exclusive licensee in the United States of the '769 Patent.

13. Vedeqsa is engaged in the promotion, sales, and marketing in the United States of antimicrobial products manufactured by Lamirsa, specifically Miranet-N®.

14. Upon information and belief, A&B promotes, manufactures, and sells a Lauric Arginate preservative under the trademark, CytoGuard, that includes LAE.

15. Upon information and belief, A&B manufactures and/or instructs others to manufacture LAE using a process that directly infringes claims of the '769 Patent.

16. Upon information and belief, A&B imports into the United States LAE manufactured elsewhere using a process that directly infringes claims of the '769 patent.

17. A&B has notice of and is aware of the '769 Patent.

18. In 2004, A&B approached Lamirsa about becoming a distributor in the U.S. of LAE based food preservatives. Lamirsa and A&B executed a letter of intent in 2004 including a confidentiality provision preventing A&B from using or disclosing Lamirsa's proprietary information A&B learned from Lamirsa, including the LAE Trade Secrets.

19. Upon information and belief, prior to approaching Lamirsa, A&B did not have substantial experience in the use or sales of antimicrobial agents and food preservatives.

20. Upon information and belief, prior to approaching Lamirsa, A&B did not offer for sale an antimicrobial or food preservative product.

21. Lamirsa and A&B engaged in substantial negotiations through 2004 to 2006.

22. During this time period, Lamirsa invested a substantial amount of money, resources and time to sufficiently educate A&B and disclosed LAE Trade Secrets to A&B for the sole purpose of facilitating A&B's effective and safe promotion and sales of LAE based products in the U.S. once A&B became a distributor of Lamirsa in the U.S.

23. Also during this time period, Lamirsa provided its Miranet-N® product to A&B for analysis and testing by potential customers and for A&B to become more familiar with the properties and use of LAE based products as food preservatives. Lamirsa's scientists consulted with A&B and provided A&B with the LAE Trade Secrets concerning LAE analysis and the preferred use of LAE.

24. Also during this time period, A&B improperly associated itself with Lamirsa's LAE product and promoted itself as the distributor of Lamirsa's LAE product in the U.S. manufactured using Lamirsa's patented process and promoted itself as knowledgeable in the use of Lamirsa's LAE Trade Secrets.

25. Upon information and belief, A&B continues to improperly associate itself with Lamirsa, Lamirsa's LAE product and with Lamirsa's LAE Trade Secrets.

26. In mid 2006, negotiations between Lamirsa and A&B ended without reaching an agreement.

27. In 2007, A&B began promoting and selling its own version of Lamirsa's LAE product to the same customers and potential customers to which Vedeqsa promotes and sells Lamirsa's LAE product. Upon information and belief A&B instructs its customers and potential customers about the use of its LAE product using information learned from Lamirsa.

28. Upon information and belief, A&B was able to enter the U.S. market with its version of an LAE based product because of the LAE Trade Secrets it learned from Lamirsa substantially sooner than it otherwise would have been able to do so.

29. Upon information and belief, it is inevitable that A&B will use and continue to use Lamirsa's LAE Trade Secrets because A&B did not have substantial knowledge about the effectiveness, use, or promotion of an LAE product before learning the LAE Trade Secrets from Lamirsa.

30. Upon information and belief, A&B continues to promote itself as a source of products manufactured using the process of Lamirsa's '769 Patent.

## COUNT I: INFRINGEMENT OF THE '769 PATENT

31. Plaintiffs incorporate by reference herein the allegations of Paragraphs 1-30 of this Complaint.

32. Lamirsa is the owner by assignment of the '769 Patent entitled PROCESS FOR THE PREPARATION OF CATIONIC SURFACTANTS. The '769 Patent was duly and legally

issued by the United States Patent and Trademark Office ("USPTO") on August 8, 2006. The '769 Patent is still in force and effect and is presumed valid under the U.S. patent laws.

33. Vedeqsa is the exclusive licensee in the U.S. of the '769 Patent.

34. A&B has been and still is directly infringing the '769 Patent under 35 U.S.C. § 271(g) by importing a product made by a process claimed in the '769 Patent.

35. As a result of A&B's infringement, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer irreparable harm in the future unless A&B's infringing activities are enjoined by this Court.

36. Plaintiffs will be greatly and irreparably harmed unless preliminary and permanent injunctions are issued enjoining A&B and its agents, servants, employees, attorneys, representatives, and all others acting on its behalf from infringing the '769 Patent.

## COUNT II: UNFAIR COMPETITON – NEW YORK COMMON LAW

37. Plaintiffs incorporate by reference herein the allegations of Paragraphs 1-36 of this Complaint.

38. The acts of A&B as described above constitute unfair competition in violation of Plaintiffs' rights under the common law of the State of New York.

39. As a result of the acts of A&B's as alleged herein, Plaintiffs have suffered and will continue to suffer great damage to Plaintiffs' business, goodwill, reputation, and profits.

## COUNT III: THEFT OF TRADE SECRETS

40. Plaintiffs incorporate by reference herein the allegations of Paragraphs 1-39 of this Complaint.

41. Lamirsa owns and maintains the LAE Trade Secrets, and the LAE Trade Secrets have independent economic value to Plaintiffs.

42. A&B has acquired the LAE Trade Secrets under an obligation of confidentiality and is using the LAE Trade Secrets improperly contrary to its obligations resulting in a misappropriation of the LAE Trade Secrets.

43. A&B's misappropriation of the LAE Trade Secrets has been willful, wanton and/or reckless.

44. As a result of A&B's misappropriation of the LAE Trade Secrets, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer irreparable harm in the future unless A&B's misappropriation is enjoined by this Court.

45. Plaintiffs will be greatly and irreparably harmed unless preliminary and permanent injunctions are issued enjoining A&B and its agents, servants, employees, attorneys, representatives, and all others acting on its behalf from using the LAE Trade Secrets.

## PRAYER FOR RELIEF

Plaintiffs pray for the following relief:

(a) A judgment that A&B has directly infringed and continues to infringe the '769 Patent;

(b) A judgment against A&B awarding Plaintiffs damages suffered by Plaintiffs pursuant to 35 U.S.C. § 284 on account of A&B's infringement of the '769 Patent;

(c) A preliminary injunction pursuant to 35 U.S.C. § 283 enjoining A&B and any entity acting in concert with A&B from infringing the '769 Patent;

(d) A permanent injunction pursuant to 35 U.S.C. § 283 enjoining A&B and any entity acting in concert with A&B from infringing the '769 Patent;

(e) A judgment that this is an exceptional case and that Plaintiffs be awarded treble damages, reasonable attorney fees, and expenses pursuant to 35 U.S.C. § 285;

(f) A judgment against A&B awarding Plaintiffs damages suffered by Plaintiffs as a result of A&B's unfair competition;

(g) A judgment against A&B awarding Plaintiffs damages suffered by Plaintiffs as a result of A&B's theft of the LAE Trade Secrets;

(h) Preliminary and permanent injunctions enjoining A&B and its agents, servants, employees, attorneys, representatives, and all others acting on its behalf from using the LAE Trade Secrets;

(i) A judgment that A&B be directed to pay Plaintiffs their costs incurred herein and such other and further relief as the Court deems just and equitable.

Date: May 12, 2008

Respectfully submitted,

Adam M. Cohen (AMC-9918)
Lauren M. Dayton (LMD-9291)
KANE KESSLER, PC.
1350 Avenue of the Americas
New York, New York 10019
(212) 541-6222

Jay R. Campbell
Kyle B. Fleming (KF-2327)
Mark C. Johnson
RENNER, OTTO, BOISSELLE & SKLAR, LLP
1621 Euclid Avenue
Nineteenth Floor
Cleveland, Ohio 44115
Telephone: (216) 621-1113
Facsimile:  (216) 621-6165
*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs Laboratories Miret, S.A. and Vedeqsa, Inc. respectfully request a trial by jury as to all issues so triable.

Respectfully submitted,

Adam M. Cohen (AMC-9918)
Lauren M. Dayton (LMD-9291)
KANE KESSLER, PC.
1350 Avenue of the Americas
New York, New York 10019
(212) 541-6222

Jay R. Campbell
Kyle B. Fleming (KF-2327)
Mark C. Johnson
RENNER, OTTO, BOISSELLE & SKLAR, LLP
1621 Euclid Avenue
Nineteenth Floor
Cleveland, Ohio 44115
Telephone: (216) 621-1113
Facsimile:  (216) 621-6165

*Attorney for Plaintiffs*

#288925.1