Adam M. Cohen (AMC-9918)
Lauren M. Dayton (LMD-9291)
KANE KESSLER, PC
1350 Avenue of the Americas
New York, New York 10019
(212) 541-6222

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------x
LABORATORIES MIRET, S.A.          :

                               :   Civil No. 1:08-cv-04476-PKC

     and                    :

                               :

VEDEQSA, INC.                 :   JUDGE CASTEL

                               :

        Plaintiffs,       :

                               :   JURY DEMAND

     v.                      :

                               :

A&B INGREDIENTS, INC.       :

                               :

        Defendant.     :
----------------------------------------------------------x

### PLAINTIFFS' ANSWER TO A&B'S COUNTERCLAIMS AND PLAINTIFFS' COUNTERCLAIMS FOR DECLARATORY JUDGMENT

      In their Answer to A&B Ingredients, Inc.'s ("A&B") Counterclaims ("the Counterclaim") Plaintiffs/Counterclaim Defendants Laboratorios Miret, S.A. and Vedeqsa, Inc. (collectively "Plaintiff" unless otherwise noted herein) deny each and every allegation except as admitted or qualified as follows:

<b><u>Parties</u></b>

     55.      Counterclaim-plaintiff A&B Ingredients, Inc. ("A&B") is a New Jersey corporation, having a place of business at 24 Spielman Road, Fairfield, New Jersey 07004.

         **Answer:** Plaintiff admits the allegations of paragraph 55 of the Counterclaim.

     56.      According to plaintiffs' complaint, counterclaim-defendant Laboratories Miret, S.A. ("Lamirsa") is a corporation organized and existing under the laws of Barcelona, Spain.  Lamirsa has a place of business at Geminis, 4, Polig. Ind. Can Parellada, 08228 Terrasa, Spain.

**Answer:** Plaintiff admits the allegations of paragraph 56 of the Counterclaim.

57.     According to plaintiffs' complaint, counterclaim-defendant Vedeqsa, Inc. ("Vedeqsa U.S.") is a corporation organized and existing under the laws of the State of Delaware. Vedeqsa U.S. has a place of business at 11 Penn Plaza, 5th Floor, New York, New York 10001.

**Answer:** Plaintiff admits the allegations of paragraph 57 of the Counterclaim.

58.     Counterclaim-defendant Venta de Especialidades Quimicas, S.A ("Vedeqsa S.A.") is a Spanish company with a place of business at Geminis, 4, Polig. Ind. Can Parellada, 08228 Terrasa, Spain. Upon information and belief, Vadeqsa S.A regularly does business in this judicial district including through its acts of selling and offering products for sale in this district, opening an office in this district and selling Mirenat-N® in the United States through its wholly owned subsidiary Vedeqsa U.S.

**Answer:** Plaintiff admits that Vedeqsa S.A. is a Spanish company with a place of business at Geminis, 4, Polig. Ind. Can Parellada, 08228 Terrasa, Spain, and denies the remaining allegations of paragraph 58 of the Counterclaim.

59.     Counterclaim-defendant Purac America Inc. ("Purac") is a Delaware corporation with a principal place of business at 111 Barclay Boulevard, Lincolnshire, Illinois 60069. Upon information and belief, Purac regularly does business in this judicial district including through its acts of selling and offering products for sale in this district.

**Answer:** Plaintiff is without knowledge sufficient to admit or deny the allegations of paragraph 59 of the Counterclaim and therefore denies those allegations.

## Jurisdiction and Venue

60.     A&B asserts counterclaims for declaratory judgment of patent noninfringement and invalidity with respect to U.S. Patent No. 7,087,769 ("the '769 Patent") (against Lamirsa and Vedeqsa U.S.), for unfair competition (against Lamirsa, Vedeqsa S.A. and Vedeqsa U.S.), for breach of contract (against Lamirsa and Vedeqsa S.A.), for unjust enrichment (against Lamirsa, Vedeqsa S.A. and Vedeqsa U.S.) for false representation and false advertising (against Lamirsa, Vedeqsa S.A. and Vedeqsa U.S.), for tortious interference (against Lamirsa, Vedeqsa S.A., Vedeqsa U.S. and Purac), for registered trademark infringement under the Lanham Act (against

Lamirsa, Vedeqsa S.A., Vedeqsa U.S. and Purac) and for common law trademark infringement (against Lamirsa, Vedeqsa S.A., Vedeqsa U.S. and Purac).

> **Answer:** To the extent that paragraph 60 of the Counterclaim requires a response, Lamirsa admits that the Counterclaim purports to allege various counterclaims.  Plaintiff otherwise denies the allegations of paragraph 60 of the Counterclaim.

61.     A&B's counterclaims arise under the patent laws of the United States, Title 35, United States Code; the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02; the Lanham Act, Title 15, United States Code; and state laws regarding unfair competition, breach of contract, unjust enrichment, tortious interference and trademark infringement.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367 and 2201-02, as Count One (declaration of patent noninfringement and invalidity) arises under the Patent Laws of the United States and the Declaratory Judgment Act; Counts Six and Eight (violation of Section 43(a) and registered trademark infringement under the Lanham Act) arise under the Lanham Act; and the claims in Counts Two through Seven and Nine (unfair competition, breach of contract, unjust enrichment, false representation and false advertising, tortious interference and common law trademark infringement) form part of the same case or controversy as the claims in Counts One, Six and Eight.

> **Answer:** Plaintiff admits that Count One (declaratory judgment of patent noninfringement and invalidity) purports to state a claim that arises under the Patent Laws of the United States and further admits that Counts Six and Eight purport to state claims that arise under the Lanham Act.  Plaintiff denies the remainder of the allegations of paragraph 61.

62.     This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the action is between citizens of different states and includes citizens of foreign states as additional parties.

> **Answer:** Plaintiff denies the allegations of paragraph 62 of the Counterclaim.

63.     Venue is proper pursuant to 28 U.S.C. § 1391.

> **Answer:** Plaintiff admits the allegations of paragraph 63 of the Counterclaim.

## Factual Background

64.     In April 2004, Vedeqsa S.A. approached A&B, seeking a partner to develop sales of an LAE-based food preservative, called Mirenat-N®, in the United States. Vedeqsa S.A. represented itself to be a member of Lamirsa Group.

>       **Answer:** Plaintiff denies the allegations of paragraph 64 of the Counterclaim.

65.     After initial discussions, in May 2004, A&B submitted to Vedeqsa S.A. a written business plan for the introduction of LAE into North America.

>       **Answer:** Plaintiff denies the allegations of paragraph 65 of the Counterclaim.

66.     On or around May 19, 2004, A&B and Vedeqsa S.A. executed a letter of intent ("Letter of Intent") in which A&B and Vedeqsa S.A. stated their intention to establish a commercial relationship by which A&B would commercialize Vedeqsa S.A.'s products.

>       **Answer:** Plaintiff admits that the A&B and Vedeqsa S.A. executed a letter of intent, but denies the remaining allegations of paragraph 66 of the Counterclaim.

67.     In the Letter of Intent, A&B and Vedeqsa S.A. agreed that as promptly as possible after execution of the letter, A&B and Vedeqsa S.A. would negotiate in good faith toward the preparation and execution of a definitive and formal distribution or agency agreement.

>       **Answer:** Plaintiff admits the allegations of paragraph 67 of the Counterclaim.

68.     Following execution of the Letter of Intent, in 2004 and 2005, A&B and Vedeqsa collaborated in promoting Mirenat-N® to the U.S. market.

>       **Answer:** Plaintiff denies the allegations of paragraph 68 of the Counterclaim.

69.     From 2004 to 2005, A&B introduced Vedeqsa S.A. to customers and potential customers in the United States.

>       **Answer:** Plaintiff denies the allegations of paragraph 69 of the Counterclaim.

70.     From 2004 to 2005, A&B worked with customers and potential customers in the United States to promote Mirenat-N® and develop new applications for it.

>       **Answer:** Plaintiff denies the allegations of paragraph 70 of the Counterclaim.

71.    From 2004 to 2005, A&B visited customers with Vedeqsa S.A. to promote Mirenat-N® and assisted Vedeqsa S.A. with promotion of Mirenat-N® at trade shows.

**Answer:** Plaintiff denies the allegations of paragraph 71 of the Counterclaim.

72.    Upon information and belief, neither Vedeqsa, Vedeqsa S.A. nor Lamirsa had developed any of the aforementioned U.S. contacts prior to A&B's involvement with Mirenat-N®.

**Answer:** Plaintiff denies the allegations of paragraph 72 of the Counterclaim.

73.    Also beginning in 2004, A&B proposed new application areas for Mirenat-N®, including the use of Mirenat-N® on additional food products, and worked with customers and potential customers on issues relating to specific applications for Mirenat-N®.

**Answer:** Plaintiff denies the allegations of paragraph 73 of the Counterclaim.

74.    Beginning in 2004, Vedeqsa S.A. represented to A&B, and to customers and potential customers, that the Lamirsa Group had developed and patented the Lauric Arginate molecule.

**Answer:** Plaintiff denies the allegations of paragraph 74 of the Counterclaim.

75.    On information and belief, neither Lamirsa nor Vedeqsa S.A. held any patent covering the Lauric Arginate molecule itself at the time of these representations.

**Answer:** Plaintiff denies the allegations of paragraph 75 of the Counterclaim.

76.    Lamirsa, Vadeqsa S.A. and Vadeqsa U.S. continue to make these representations, including at a 2008 trade show in New Orleans.

**Answer:** Plaintiff denies the allegations of paragraph 76 of the Counterclaim.

77.    Lamirsa's '769 Patent is directed to a particular method of manufacturing a cationic surfactant; the patent does not claim the Lauric Arginate molecule itself.

**Answer:** Plaintiff denies the allegations of paragraph 77 of the Counterclaim.

78.    From 2004 to 2005, Vedeqsa S.A. held A&B out as its partner in marketing Mirenat-N® in the United States.

**Answer:** Plaintiff denies the allegations of paragraph 78 of the Counterclaim.

79. For example, in August 2004, A&B added Mirenat-N® to its Web site. Vedeqsa S.A. did not object. Rather, Vedeqsa S.A. sent A&B an e-mail expressing appreciation.

  **Answer:** Plaintiff denies the allegations of paragraph 79 of the Counterclaim.

80. Vedeqsa referred to A&B as Vedeqsa S.A.'s U.S. "distributor" for Mirenat-N® and as its "agent" in communications to customers or potential customers in 2004 and 2005.

  **Answer:** Plaintiff denies the allegations of paragraph 80 of the Counterclaim.

81. Vedeqsa S.A. also referred customer inquiries regarding Mirenat-N® during this time to A&B, including requests from potential customers for product samples and technical support.

  **Answer:** Plaintiff denies the allegations of paragraph 81 of the Counterclaim.

82. Vedeqsa, Vedeqsa S.A. and Lamirsa led A&B to believe that A&B would be the distributor for Mirenat-N® in the United States. A&B expended considerable time and resources developing potential customers and developing the market. A&B understood and expected that it was and would be a partner with Vedeqsa S.A. in promoting Mirenat-N® in the United States and that a formal distributorship agreement would be executed in due course, as contemplated by the parties' Letter of Intent. In reliance on this understanding, and Vedeqsa S.A.'s actions and representations, A&B expended substantial resources in preparing Mirenat-N® for introduction to the United States market.

  **Answer:** Plaintiff denies the allegations of paragraph 82 of the Counterclaim.

83. As a result of A&B's efforts, Vedeqsa S.A., Vedeqsa U.S. and Lamirsa acquired customers, gained access to U.S. markets and received substantial promotion for Mirenat-N® through trade shows and direct customer contacts. Vedeqsa S.A., Vedeqsa U.S. and Lamirsa also obtained information and business opportunities for additional applications of Mirenat-N®. Vedeqsa S.A., Vedeqsa U.S. and Lamirsa would not have received these contacts, access, promotion and information without A&B's efforts.

  **Answer:** Plaintiff denies the allegations of paragraph 83 of the Counterclaim.

84.    In October 2005, representatives of A&B and Vedeqsa S.A. met in Chicago and reached agreement concerning the terms of A&B's exclusive distributorship for Mirenat-N®. The parties memorialized these terms in a memorandum in or around November 2005.

**Answer:** Plaintiff admits that in October 2005, representatives of A&B and Vedeqsa S.A. met in Chicago and reached agreement concerning the terms of A&B's distributorship for Mirenat-N®, but denies the remaining allegations of paragraph 84 of the Counterclaim.

85.    On November 25, 2005, however, Vedeqsa S.A. unilaterally terminated negotiations with A&B for a formal distributorship contract.

**Answer:** Plaintiff denies the allegations of paragraph 85 of the Counterclaim.

86.    Vedeqsa S.A. did not negotiate in good faith to prepare and execute a formal distributorship agreement, as required by the Letter of Intent, and in contravention of the parties' agreement reached in October 2005 in Chicago, which was memorialized in November 2005. Upon information and belief, once Vedeqsa S.A. received the benefits of its collaboration with A&B, including access to U.S. markets, Vedeqsa S.A. and Lamirsa decided to sell Mirenat-N® themselves. Vedeqsa S.A. formed Vedeqsa U.S. as a United States subsidiary, which became a distributor of Mirenat-N® in the United States for Vedeqsa S.A. and Lamirsa.

**Answer:** Plaintiff denies the allegations of paragraph 86 of the Counterclaim.

87.    A&B attempted to salvage the business relationship with Vedeqsa S.A. in late 2005.

**Answer:** Plaintiff denies the allegations of paragraph 87 of the Counterclaim.

88.    Vedeqsa S.A., however, refused to permit A&B to be an exclusive U.S. distributor of Mirenat-N®. Vedeqsa S.A. told A&B that A&B would only be permitted to purchase product from Vedeqsa for resale in the United States.

**Answer:** Plaintiff denies the allegations of paragraph 88 of the Counterclaim.

89.    According to Vedeqsa S.A., if A&B did not accept this arrangement, the commercial relationship between the parties would be "dead."

**Answer:** Plaintiff denies the allegations of paragraph 89 of the Counterclaim.

90.     On or around February 3, 2006, Vedeqsa S.A. and A&B executed a letter by which Vedeqsa S.A. and A&B agreed to a customer/supplier relationship.

      **Answer:** Plaintiff denies the allegations of paragraph 90 of the Counterclaim.

91.     In the February 3, 2006 letter, Vedeqsa S.A. agreed to offer Mirenat-N® to A&B at a favorable market price for at least three years.

      **Answer:** Plaintiff denies the allegations of paragraph 91 of the Counterclaim.

92.     A&B ordered product from Vedeqsa S.A., as permitted by the February 3, 2006 letter, but Vedeqsa S.A. refused to ship product to A&B.

      **Answer:** Plaintiff denies the allegations of paragraph 92 of the Counterclaim.

93.     Following the conclusion of the business relationship between A&B and Vedeqsa S.A. and Lamirsa, A&B secured alternate supply arrangements for a Lauric Arginate preservative product.  A&B now sells its own Lauric Arginate antimicrobial product under the name CytoGuard.

      **Answer:** Plaintiff admits that A&B sells a Lauric Arginate antimicrobial product under the name CytoGuard, but is without knowledge sufficient to admit or deny the remainder of the allegations of paragraph 93 of the Counterclaim and therefore denies those allegations.

94.     Upon information and belief, Vedeqsa U.S. (by itself or on behalf of Lamirsa and/or Vedeqsa S.A.) and Purac have told customers and potential customers that A&B's CytoGuard product infringes patents held by Lamirsa and/or Vedeqsa.

      **Answer:** Plaintiff denies the allegations of paragraph 94 of the Counterclaim.

95.     The process used to make the Lauric Arginate in A&B's product does not practice any claim of Lamirsa's '769 Patent.  Upon information and belief, neither Lamirsa, Vedeqsa S.A., Vedeqsa U.S. nor Purac has had a basis for asserting that A&B's CytoGuard product infringes the '769 Patent.

      **Answer:** Plaintiff denies the allegations of paragraph 95 of the Counterclaim.

96.     Upon information and belief, Vedeqsa U.S. (by itself or on behalf of Lamirsa and/or Vedeqsa S.A.) and Purac have also used A&B's federally registered trademark, "SLIC" in communications with customers and potential customers. A&B holds U.S. Trademark

Registration No. 3,266,167 for the trademark SLIC for antimicrobial treatments and machines for applying antimicrobial agents. Upon information and belief, Vedeqsa U.S. and Purac have used SLIC in connection with identical or similar good and services, which is likely to cause confusion, or to cause mistake, or to deceive.

>**Answer:** Plaintiff denies the allegations of paragraph 96 of the Counterclaim.


### Plaintiff's Answer to A&B's Count One:  Declaratory Judgment

97.    A&B repeats and realleges all of the preceding paragraphs as if fully set forth herein.

>**Answer:** Plaintiff repeats and realleges all of the preceding paragraphs as if fully set forth herein.

98.    Counterclaim-plaintiff A&B asserts this counterclaim for declaratory judgment against counterclaim-defendants Lamirsa and Vedeqsa U.S.

>**Answer:** Plaintiff admits that the Counterclaim purports to assert a counterclaim for declaratory judgment against Plaintiff.  Plaintiff denies the remainder of the allegations of paragraph 98 of the Counterclaim.

99.    A real and justiciable controversy exists among the parties as to A&B's marketing and sale of its antimicrobial CytoGuard, and the legality of such activities under the Patent Laws, 35 U.S.C. §§ 1 *et seq*. A&B seeks a declaration pursuant to 28 USC §§ 1331, 1338, 2201, and 2202 as to its rights and legal relations under the Patent Laws, 35 U.S.C. §§ 1 *et seq*.

>**Answer:** Plaintiff admits that a real and justiciable controversy exists between Plaintiff and A&B as to A&B's marketing and sale of CytoGuard.  Plaintiff denies the remainder of the allegations of paragraph 99 of the Counterclaim.

100.    Lamirsa claims to own U.S. Patent No. 7,087,769 ("the '769 Patent"), and has asserted a claim for infringement of that patent against A&B and its CytoGuard antimicrobial. Vedeqsa U.S. claims to be the exclusive licensee in the U.S. of the '769 Patent.

>**Answer:** Plaintiff admits the allegations of paragraph 100 of the Counterclaim.

101.        A&B does not infringe the '769 Patent because it does not practice any method claimed in the '769 Patent and does not make, use, sell, offer to sell or import a product made using any method claimed in the '769 Patent.

   **Answer:** Plaintiff denies the allegations of paragraph 101 of the Counterclaim.

102.        The claims of the '769 Patent are invalid for failure to comply with one or more provisions of the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*., including without limitation 35 U.S.C. §§ 102, 103, 112, 116 and/or 256.

   **Answer:** Plaintiff denies the allegations of paragraph 102 of the Counterclaim.

103.        There is an actual and justiciable controversy between counterclaim-plaintiff A&B and counterclaim-defendants Lamirsa and Vedeqsa U.S. over alleged infringement and validity of the '769 Patent.

   **Answer:** Plaintiff admits the allegations of paragraph 103 of the Counterclaim.

### Plaintiff's Answer to A&B's Count Two:  Unfair Competition

104.        A&B repeats and realleges all of the preceding paragraphs as if fully set forth herein.

   **Answer:** Plaintiff repeats and realleges all of the preceding paragraphs as if fully set forth herein.

105.        Counterclaim-plaintiff A&B asserts this counterclaim for unfair competition against counterclaim-defendants Lamirsa, Vedeqsa S.A. and Vedeqsa U.S.

   **Answer:** Plaintiff admits that the Counterclaim purports to assert a counterclaim for unfair competition against Laboratorios Miret, S.A. and Vedeqsa, S.A., but denies the remainder of the allegations of paragraph 105 of the Counterclaim.

106.        As explained above, Vedeqsa S.A. and Lamirsa sought out A&B as a partner to market Mirenat-N® in the United States, obtained A&B's substantial assistance in gaining a foothold in the United States market and led A&B to believe that A&B would be a partner with Vedeqsa S.A. in promoting Mirenat-N® in the United States. In reliance on this understanding,

and Vedeqsa S.A.'s and Lamirsa's actions and representations, A&B expended substantial resources in preparing Mirenat-N® for introduction to the United States market.

> **Answer:** Plaintiff denies the allegations of paragraph 106 of the Counterclaim.

107.    As a result of A&B's efforts, Vedeqsa S.A., Vedeqsa U.S. and Lamirsa acquired customers, gained access to U.S. markets and received substantial promotion for Mirenat-N® through trade shows and direct customer contacts. Vedeqsa S.A., Vedeqsa U.S. and Lamirsa also obtained information and business opportunities for additional applications of Mirenat-N®. Vedeqsa S.A., Vedeqsa U.S. and Lamirsa would not have received these contacts, access, promotion and information without A&B's efforts.

> **Answer:** Plaintiff denies the allegations of paragraph 107 of the Counterclaim.

108.    Vedeqsa S.A. did not negotiate in good faith to prepare and execute a formal distributorship agreement, as required by the Letter of Intent. Vedeqsa S.A. also contravened the parties' agreement reached in October 2005 in Chicago, which was memorialized in November 2005, by unilaterally terminating negotiations with A&B for a formal distributorship contract. Vedeqsa subsequently refused to honor the terms of its February 3, 2006 letter regarding a supply arrangement for Lauric Arginate products. Vedeqsa S.A. has not otherwise compensated A&B for its work or for the benefits A&B conferred on Vedeqsa S.A.

> **Answer:** Plaintiff denies the allegations of paragraph 108 of the Counterclaim.

109.    Upon information and belief, once Vedeqsa S.A. received the benefits of its collaboration with A&B, including access to U.S. markets, Vedeqsa S.A. and Lamirsa decided the sell Mirenat-N® themselves. Vedeqsa S.A. formed Vedeqsa as a United States subsidiary, which became a distributor of Mirenat-N® in the United States for Vedeqsa S.A. and Lamirsa.

> **Answer:** Plaintiff denies the allegations of paragraph 109 of the Counterclaim.

110.    The aforementioned acts of counterclaim-defendants constitute unfair competition and unfair business practices under applicable law.

> **Answer:** Plaintiff denies the allegations of paragraph 110 of the Counterclaim.

111.    The aforesaid conduct of counterclaim-defendants was committed willfully, knowingly, maliciously, and in conscious disregard of A&B's rights.

**Answer:** Plaintiff denies the allegations of paragraph 111 of the Counterclaim.

112.     The aforesaid acts by counterclaim-defendants have caused immediate and irreparable injury to A&B's property and business.

**Answer:** Plaintiff denies the allegations of paragraph 112 of the Counterclaim.

113.     A&B has no adequate remedy at law.

**Answer:** Plaintiff denies the allegations of paragraph 113 of the Counterclaim.

### Plaintiff's Answer to A&B's Count Three:  Breach of Contract, Implied Contract And Quantum Meruit

114.     A&B repeats and realleges all of the preceding paragraphs as if fully set forth herein.

**Answer:** Plaintiff repeats and realleges all of the preceding paragraphs as if fully set forth herein.

115.     Counterclaim-plaintiff A&B asserts this counterclaim for breach of contract against counterclaim-defendants Lamirsa and Vedeqsa S.A.

**Answer:** Plaintiff admits that the Counterclaim purports to assert a counterclaim for breach of contract against Laboratorios Miret, S.A. and Vedeqsa, S.A., but denies the remainder of the allegations of paragraph 115 of the Counterclaim.

116.     As explained above, on or around May 19, 2004, A&B and Vedeqsa S.A. executed a Letter of Intent in which A&B and Vedeqsa S.A. stated their intention to establish a commercial relationship by which A&B would commercialize Vedeqsa S.A.'s products. In the Letter of Intent, A&B and Vedeqsa S.A. contemplated that A&B would be a distributor or agent for Mirenat-N® in the United States, and the parties agreed that as promptly as possible after execution of the letter, they would negotiate in good faith toward the preparation and execution of a definitive and formal distribution or agency agreement.

**Answer:** Plaintiff admits that Vedeqsa S.A. and A&B executed a Letter of Intent in which A&B and Vedeqsa S.A. stated their intention to establish a commercial relationship by

which A&B would commercialize Vedeqsa S.A.'s products, but denies the remainder of the allegations of paragraph 116 of the Counterclaim.

117.    Vedeqsa S.A. and Lamirsa led A&B to believe that A&B would be the exclusive distributor for Mirenat-N® in the United States and A&B expended considerable time and resources developing potential customers and developing the market. A&B understood and reasonably expected that it was and would be a partner with Vedeqsa S.A. in promoting Mirenat-N® in the United States and that a formal distributorship agreement would be executed in due course, as required by the parties' Letter of Intent. In reliance on this understanding, and Vedeqsa S.A.'s actions and representations, A&B expended substantial resources in preparing Mirenat-N® for introduction to the United States market.

      **Answer:** Plaintiff denies the allegations of paragraph 117 of the Counterclaim.

118.    Implied in the relationship and course of dealing and conduct between A&B and counterclaim-defendants was the promise that A&B would be compensated for the value, services and ideas provided to counterclaim-defendants.

      **Answer:** Plaintiff denies the allegations of paragraph 118 of the Counterclaim.

119.    Vedeqsa S.A. did not negotiate in good faith to prepare and execute a formal distributorship agreement, as required by the Letter of Intent. Vedeqsa S.A. also contravened the parties' agreement reached in October 2005 in Chicago, which was memorialized in November 2005, by unilaterally terminating negotiations with A&B for a formal distributorship contract.

      **Answer:** Plaintiff denies the allegations of paragraph 119 of the Counterclaim.

120.    Counterclaim-defendants' acts, as explained above, constitute a breach of contract, breach of implied contract or quasi-contract, breach of the implied covenant of good faith and fair dealing, entitlement to recovery under quantum meruit and/or entitlement to recovery under detrimental reliance under applicable law.

      **Answer:** Plaintiff denies the allegations of paragraph 120 of the Counterclaim.

121.    The aforesaid conduct of counterclaim-defendants was committed willfully, knowingly, maliciously, and in conscious disregard of A&B's rights.

      **Answer:** Plaintiff denies the allegations of paragraph 121 of the Counterclaim.

122.    The aforesaid acts by counterclaim-defendants have caused immediate and irreparable injury to A&B's property and business.

Answer: Plaintiff denies the allegations of paragraph 122 of the Counterclaim.

123.    A&B has no adequate remedy at law.

Answer: Plaintiff denies the allegations of paragraph 123 of the Counterclaim.

**Plaintiff's Answer to A&B's Count Four:  Breach of Contract, Implied Contract And Quantum Meruit**

124.    A&B repeats and realleges all of the preceding paragraphs as if fully set forth herein.

Answer: Plaintiff repeats and realleges all of the preceding paragraphs as if fully set forth herein.

125.    Counterclaim-plaintiff A&B asserts this counterclaim for breach of contract against counterclaim-defendants Plaintiff and Vedeqsa S.A.

Answer: Plaintiff admits that the Counterclaim purports to assert a counterclaim for breach of contract against Laboratorios Miret, S.A. and Vedeqsa, S.A., but denies the remainder of the allegations of paragraph 125 of the Counterclaim.

126.    As explained above, on or around February 3, 2006, Vedeqsa S.A. and A&B executed a letter by which Vedeqsa S.A. and A&B agreed to a customer/supplier relationship. Vedeqsa S.A. agreed to offer Mirenat-N® to A&B at a favorable market price for at least three years.

Answer: Plaintiff denies the allegations of paragraph 126 of the Counterclaim.

127.    A&B ordered product from Vedeqsa S.A. in accordance with the February 3, 2006 letter, but Vedeqsa S.A. refused to ship product to A&B.

Answer: Plaintiff denies the allegations of paragraph 127 of the Counterclaim.

128.    Counterclaim-defendants' acts, as explained above, constitute a breach of contract, breach of implied contract or quasi-contract, breach of the implied covenant of good faith and

fair dealing, entitlement to recovery under quantum meruit and/or entitlement to recovery under detrimental reliance under applicable law.

> **Answer:** Plaintiff denies the allegations of paragraph 128 of the Counterclaim.

129.    The aforesaid conduct of counterclaim-defendants was committed willfully, knowingly, maliciously, and in conscious disregard of A&B's rights.

> **Answer:** Plaintiff denies the allegations of paragraph 129 of the Counterclaim.

130.    The aforesaid acts by counterclaim-defendants have caused immediate and irreparable injury to A&B's property and business.

> **Answer:** Plaintiff denies the allegations of paragraph 130 of the Counterclaim.

131.    A&B has no adequate remedy at law.

> **Answer:** Plaintiff denies the allegations of paragraph 131 of the Counterclaim.

### Plaintiff's Answer to A&B's Count Five:  Unjust Enrichment

132.    A&B repeats and realleges all of the preceding paragraphs as if fully set forth herein.

> **Answer:** Plaintiff repeats and realleges all of the preceding paragraphs as if fully set forth herein.

133.    Counterclaim-plaintiff A&B asserts this counterclaim for unjust enrichment against counterclaim-defendants Lamirsa, Vedeqsa S.A. and Vedeqsa U.S.

> **Answer:** Plaintiff admits that the Counterclaim purports to assert a counterclaim for unjust enrichment against Plaintiff, but denies the remainder of the allegations of paragraph 133 of the Counterclaim.

134.    As explained above, Vedeqsa S.A. and Lamirsa sought out A&B as a partner to market Mirenat-N® in the United States, obtained A&B's substantial assistance in gaining a foothold in the United States market and led A&B to believe that A&B would be a partner with Vedeqsa S.A. in promoting Mirenat-N® in the United States. Vedeqsa S.A. and Lamirsa also led A&B to believe that a formal distributorship agreement would be executed in due course, as

contemplated by the parties' Letter of Intent. In reliance on this understanding, and Vedeqsa S.A.'s actions and representations, A&B expended substantial resources in preparing Mirenat-N® for introduction to the United States market.

>    **Answer:** Plaintiff denies the allegations of paragraph 134 of the Counterclaim.

135.    As a result of A&B's efforts, Vedeqsa S.A., Vedeqsa U.S. and Lamirsa acquired customers, gained access to U.S. markets and received substantial promotion for Mirenat-N® through trade shows and direct customer contacts for marketing Mirenat-N®. Vedeqsa S.A., Vedeqsa U.S. and Lamirsa also obtained information and business opportunities for additional applications of Mirenat-N®. Vedeqsa S.A., Vedeqsa U.S. and Lamirsa would not have received these contacts, access, promotion and information without A&B's efforts.

>    **Answer:** Plaintiff denies the allegations of paragraph 135 of the Counterclaim.

136.    After Vedeqsa S.A., Vedeqsa U.S. and Lamirsa received the aforementioned benefits of the collaboration with A&B, and notwithstanding the parties' agreement reached in October 2005 in Chicago, which was memorialized in November 2005, Vedeqsa S.A. and Lamirsa terminated their business relationship with A&B without granting A&B a distributorship, a source of supply or any other compensation.

>    **Answer:** Plaintiff denies the allegations of paragraph 136 of the Counterclaim.

137.    Counterclaim-defendants' retention of the benefits provided by A&B, without compensation to A&B, would be unjust.

>    **Answer:** Plaintiff denies the allegations of paragraph 137 of the Counterclaim.

138.    As a result of the aforementioned acts, counterclaim-defendants have been unjustly enriched and are liable to A&B for the value of the benefits conferred by A&B under applicable law.

>    **Answer:** Plaintiff denies the allegations of paragraph 138 of the Counterclaim.

139.    The aforesaid conduct of counterclaim-defendants was committed willfully, knowingly, maliciously, and in conscious disregard of A&B's rights.

>    **Answer:** Plaintiff denies the allegations of paragraph 139 of the Counterclaim.

140.    The aforesaid acts by counterclaim-defendants have caused immediate and irreparable injury to A&B's property and business.

      **Answer:** Plaintiff denies the allegations of paragraph 140 of the Counterclaim.

141.    A&B has no adequate remedy at law.

      **Answer:** Plaintiff denies the allegations of paragraph 141 of the Counterclaim.

### Plaintiff's Answer to A&B's Count Six:  False Representations and False Advertising

142.    A&B repeats and realleges all of the preceding paragraphs as if fully set forth herein.

      **Answer:** Plaintiff repeats and realleges all of the preceding paragraphs as if fully set forth herein.

143.    Counterclaim-plaintiff A&B asserts this counterclaim for violation of Section 43(a) of the Lanham Act against counterclaim-defendants Lamirsa, Vedeqsa S.A and Vedeqsa U.S.

      **Answer:** Plaintiff admits that the Counterclaim purports to assert a counterclaim for violation of Section 43(a) of the Lanham Act against Plaintiff, but denies the remainder of the allegations of paragraph 143 of the Counterclaim.

144.    As explained above, Vedeqsa S.A. represented to A&B, and to customers and potential customers, that the Lamirsa Group had developed and patented the Lauric Arginate molecule. Vedeqsa U.S. has also made this representation. In fact, Lamirsa's '769 Patent is directed only to a particular method of a cationic surfactant, not to the Lauric Arginate molecule itself. On information and belief, neither Lamirsa, Vedeqsa S.A. nor Vedeqsa U.S. held any patent covering the Lauric Arginate molecule itself at the time of these representations.

      **Answer:** Plaintiff denies the allegations of paragraph 144 of the Counterclaim.

145.    The aforementioned acts by counterclaim-defendants constitute false or misleading descriptions of fact, or false or misleading representations of fact, concerning Mirenat-N® under Section 43(a) of the Lanham Act and applicable state law.

      **Answer:** Plaintiff denies the allegations of paragraph 145 of the Counterclaim.

146.    The aforesaid conduct of counterclaim-defendants was committed willfully, knowingly, maliciously, and in conscious disregard of A&B's rights.

> **Answer:** Plaintiff denies the allegations of paragraph 146 of the Counterclaim.

147.    The aforesaid acts by counterclaim-defendants have caused immediate and irreparable injury to A&B's property and business.

> **Answer:** Plaintiff denies the allegations of paragraph 147 of the Counterclaim.

148.    A&B has no adequate remedy at law.

> **Answer:** Plaintiff denies the allegations of paragraph 148 of the Counterclaim.


### Plaintiff's Answer to A&B's Count Seven:  Tortious  Interference

149.    A&B repeats and realleges all of the preceding paragraphs as if fully set forth herein.

> **Answer:** Plaintiff repeats and realleges all of the preceding paragraphs as if fully set forth herein.

150.    Counterclaim-plaintiff A&B asserts this counterclaim for tortious interference against counterclaim-defendants Lamirsa, Vedeqsa S.A., Vedeqsa U.S. and Purac.

> **Answer:** Plaintiff admits that the Counterclaim purports to assert a counterclaim for tortious interference against Lamirsa and Purac, but denies the remainder of the allegations of paragraph 150 of the Counterclaim.

151.    As explained above, upon information and belief, Vedeqsa U.S. (by itself or on behalf of Lamirsa and/or Vedeqsa S.A.) and Purac have told customers and potential customers that A&B's CytoGuard product infringes patents held by Lamirsa and/or Vedeqsa.

> **Answer:** Plaintiff denies the allegations of paragraph 151 of the Counterclaim.

152.    The process used to make the Lauric Arginate in A&B's product does not practice any claim of Lamirsa's '769 Patent. Upon information and belief, neither Lamirsa, Vedeqsa S.A., Vedeqsa U.S. nor Purac has had a basis for asserting that A&B's CytoGuard product infringes the '769 Patent.

**Answer:** Plaintiff denies the allegations of paragraph 152 of the Counterclaim.

153.     Furthermore, Vedeqsa S.A. and Vedeqsa U.S. have represented to customers and potential customers that the Lamirsa group developed and patented the Lauric Arginate molecule. In fact, Lamirsa's '769 Patent is directed only to a particular method of manufacturing a cationic surfactant, not to the Lauric Arginate molecule itself. On information and belief, neither Lamirsa, Vedeqsa S.A. nor Vedeqsa U.S. held any patent covering the Lauric Arginate molecule itself at the time of these representations.

**Answer:** Plaintiff denies the allegations of paragraph 153 of the Counterclaim.

154.     The aforementioned acts by counterclaim-defendants constitute tortious interference under applicable law.

**Answer:** Plaintiff denies the allegations of paragraph 154 of the Counterclaim.

155.     The aforesaid conduct of counterclaim-defendants was committed willfully, knowingly, maliciously, and in conscious disregard of A&B's rights.

**Answer:** Plaintiff denies the allegations of paragraph 155 of the Counterclaim.

156.     The aforesaid acts by counterclaim-defendants have caused immediate and irreparable injury to A&B's property and business.

**Answer:** Plaintiff denies the allegations of paragraph 156 of the Counterclaim.

157.     A&B has no adequate remedy at law.

**Answer:** Plaintiff denies the allegations of paragraph 157 of the Counterclaim.


### Plaintiff's Answer to A&B's Count Eight:  Trademark Infringement (Federal)

158.     A&B repeats and realleges all of the preceding paragraphs as if fully set forth herein.

**Answer:** Plaintiff repeats and realleges all of the preceding paragraphs as if fully set forth herein.

159.     Counterclaim-plaintiff A&B asserts this counterclaim for trademark infringement against counterclaim-defendants Lamirsa, Vedeqsa S.A., Vedeqsa U.S. and Purac.

**Answer:** Plaintiff admits that the Counterclaim purports to assert a counterclaim for trademark infringement against Plaintiff and Purac, but denies the remainder of the allegations of paragraph 159 of the Counterclaim.

160.     A&B has used the trademark SLIC for antimicrobial treatments and machines for applying antimicrobial agents since at least as early as 2006. A&B holds U.S. Trademark Registration No. 3,266,167 for the trademark SLIC for antimicrobial treatments and machines for applying antimicrobial agents.

**Answer:** Plaintiff denies the allegations of paragraph 160 of the Counterclaim.

161.     On information and belief, subsequent to A&B's adoption, use and registration of its SLIC mark, counterclaim-defendants Vedeqsa U.S. (by itself or on behalf of Lamirsa and/or Vedeqsa S.A.) and Purac have used A&B's federally-registered trademark, SLIC, for identical or similar good and services, which is likely to cause confusion, or to cause mistake, or to deceive.

**Answer:** Plaintiff denies the allegations of paragraph 161 of the Counterclaim.

162.     On information and belief, counterclaim-defendants knowingly and willfully used a confusingly similar mark to confuse consumers as to the origin, source, sponsorship or approval of their goods and services.

**Answer:** Plaintiff denies the allegations of paragraph 162 of the Counterclaim.

163.     Counterclaim-defendants' acts constitute trademark infringement in violation of Section 32(1) of the Federal Trademark Act (15 U.S.C. § 1114(1)).

**Answer:** Plaintiff denies the allegations of paragraph 163 of the Counterclaim.

164.     Counter-defendants' use of a mark that is confusingly similar to the A&B mark in connection with offering their goods and services constitutes a false designation of origin and false description or representation.

**Answer:** Plaintiff denies the allegations of paragraph 164 of the Counterclaim.

165.     Counter-defendants' false designation of origin and false misrepresentation constitute acts of trademark infringement in violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

**Answer:** Plaintiff denies the allegations of paragraph 165 of the Counterclaim.

166.       Upon information and belief, the aforesaid acts of the counterclaim-defendants were committed willfully, knowingly, maliciously, and in conscious disregard of their legal obligations to A&B, thus rendering the present case "exceptional" as that term is employed in 15 U.S.C. § 1117.

> **Answer:** Plaintiff denies the allegations of paragraph 166 of the Counterclaim.

167.       The aforesaid conduct of the counterclaim-defendants has caused, and unless restrained by this Court will continue to cause, immediate, great and irreparable injury to A&B's property and business.

> **Answer:** Plaintiff denies the allegations of paragraph 167 of the Counterclaim.

168.       A&B has no adequate remedy at law.

> **Answer:** Plaintiff denies the allegations of paragraph 168 of the Counterclaim.

### Plaintiff's Answer to A&B's Count Nine:  Trademark Infringement (Common Law)

169.       A&B repeats and realleges all of the preceding paragraphs as if fully set forth herein.

> **Answer:** Plaintiff repeats and realleges all of the preceding paragraphs as if fully set forth herein.

170.       Counterclaim-plaintiff A&B asserts this counterclaim for common law trademark infringement against counterclaim-defendants Lamirsa, Vedeqsa S.A., Vedeqsa U.S. and Purac.

> **Answer:** Plaintiff admits that the Counterclaim purports to assert a counterclaim for common law trademark infringement against Lamirsa and Purac, but denies the remainder of the allegations of paragraph 170 of the Counterclaim.

171.       A&B holds common law rights in the trademark SLIC for antimicrobial treatments and machines for applying antimicrobial agents, as a result of use of that mark in commerce at least as early as 2006.

> **Answer:** Plaintiff denies the allegations of paragraph 171 of the Counterclaim.

172.     On information and belief, subsequent to A&B's adoption and use of the SLIC mark, counterclaim-defendants have used SLIC for identical or similar good and services, which is likely to cause confusion, or to cause mistake, or to deceive.

     **Answer:** Plaintiff denies the allegations of paragraph 172 of the Counterclaim.

173.     On information and belief, counterclaim-defendants knowingly and willfully used a confusingly similar mars to confuse consumers as to the origin, source, sponsorship or approval of their goods and services.

     **Answer:** Plaintiff denies the allegations of paragraph 173 of the Counterclaim.

174.     Counterclaim-defendants' acts constitute common law trademark infringement and unfair competition Counterclaim-defendants' acts constitute common law trademark infringement and unfair competition.

     **Answer:** Plaintiff denies the allegations of paragraph 174 of the Counterclaim.

175.     The aforesaid conduct of counterclaim-defendants was committed willfully, knowingly, maliciously, and in conscious disregard of A&B's rights.

     **Answer:** Plaintiff denies the allegations of paragraph 175 of the Counterclaim.

176.     The aforesaid acts by counterclaim-defendants have caused immediate and irreparable injury to A&B's property and business.

     **Answer:** Plaintiff denies the allegations of paragraph 176 of the Counterclaim.

177.     A&B has no adequate remedy at law.

     **Answer:** Plaintiff denies the allegations of paragraph 177 of the Counterclaim.

## Prayer for Relief

178.     Plaintiff denies that A&B is entitled to any of the relief requested in its Counterclaim.

## Defenses

179.     A&B is barred from bringing its counts for unfair competition, breach of contract, unjust enrichment, tortuous interference and trademark infringement because of A&B's unclean hands.

180.     A&B is barred from bringing its counts for unfair competition, breach of contract, unjust enrichment, tortuous interference and trademark infringement because of laches.

181.     A&B's state law claims are time barred.

182.     A&B's claims for unfair competition, breach of contract, unjust enrichment, tortuous interference and trademark infringement fail to state claims upon which relief can be granted.

183.     There was no implied contract or promise that A&B would be compensated for any value, services and ideas provided to Lamirsa, Vedeqsa, S.A. or Vedeqsa U.S. and thus Lamirsa, Vedeqsa, S.A. or Vedeqsa U.S. did not breach any such implied contract or promise.

184.     There was no implied contract or covenant that A&B would be provided Mirenat-N® and thus Lamirsa, Vedeqsa, S.A. or Vedeqsa U.S. did not breach any such implied contract or covenant.

185.     A&B's trademark for SLIC® is invalid.

186.     A&B's trademark for SLIC® is not infringed.

187.     A&B has failed to mitigate and lessen damages, if any, it sustained, as required by law, and is barred from recovery by reason thereof against Plaintiff.


## PLAINTIFF'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT

### Nature of the Action

188.     This is an action by Plaintiff for a declaratory judgment of noninfringement and invalidity of the trademark asserted by A&B.

### Jurisdiction and Venue

189.     This action arises under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the trademark laws of the United States, 17 U.S.C. §101 et seq. and 15 U.S.C. § 1125(a). An actual, substantial, and continuing justiciable controversy exists between

Plaintiff and A&B to which Plaintiff requires a declaration of its rights by this Court.  The controversy relates to the noninfringement and validity of a trademark asserted by A&B and A&B's right to threaten and maintain a suit for infringement of same.  Additionally, this controversy relates to violations of state laws prohibiting unfair competition and restraint of trade.

190.　　　This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. This Court has jurisdiction over A&B because A&B regularly does business in this judicial district

191.　　　Venue is proper pursuant to 29 U.S.C. §§ 1391.

### Factual Allegations

192.　　　A&B has alleged ownership of U.S. Trademark Registration No. 3,266,167 for the trademark "SLIC®" ("the SLIC mark").

193.　　　The SLIC® mark merely describes a feature of A&B's goods.

194.　　　The SLIC® mark is an acronym describing "Sprayed Lethality in Container."

195.　　　The phrase "sprayed lethality in container" is a generic term widely used in the antimicrobial product industry to identify a method for introducing chemicals into food product packaging.

196.　　　The phrase "sprayed lethality in container" was commonly used in the antimicrobial industry prior August 26, 2005.

197.　　　The phrase "sprayed lethality in container" was not associated primarily with A&B in the antimicrobial industry prior August 26, 2005.

198.　　　The phrase "sprayed lethality in container" is not and has never been associated primarily with A&B in the antimicrobial industry.

199.　　　The term SLIC® was not associated primarily with A&B in the antimicrobial industry prior August 26, 2005.

200.     The term SLIC® is not and has never been associated primarily with A&B in the antimicrobial industry.

**FIRST DECLARATORY JUDGMENT COUNTERCLAIM**
**(Declaratory Judgment of Noninfringement of Trademark)**

201.     Plaintiff repeats and realleges all of the preceding paragraphs as if fully set forth herein.

202.     This is an action for declaratory judgment of noninfringement of the SLIC® mark.

203.     Plaintiff has not infringed the SLIC® mark.

204.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Plaintiff and A&B as to whether Plaintiff has infringed the SLIC® mark.

205.     Plaintiff desires and requests a judicial determination and declaration of the respective rights and duties of the parties on the aforementioned dispute.  Such a determination and declaration is necessary and appropriate at this time so the parties may ascertain their respective rights and duties regarding the invalidity of the SLIC® mark.

**SECOND DECLARATORY JUDGMENT COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of Trademark)**

206.     Plaintiff repeats and realleges all of the preceding paragraphs as if fully set forth herein.

207.     This is an action for declaratory judgment of invalidity of the SLIC® mark.

208.     The SLIC® mark is invalid for failure to comply with one or more requirements of 15 U.S.C. § 1115.

209.     Plaintiff desires and requests a judicial determination and declaration of the respective rights and duties of the parties on the aforementioned dispute.  Such a determination

and declaration is necessary and appropriate at this time so the parties may ascertain their respective rights and duties regarding the invalidity of the SLIC® mark.

WHEREFORE, in addition to the relief sought in Plaintiff's Complaint and Plaintiff's Declaratory Judgment claims, A&B's counterclaims should be dismissed with prejudice, all relief requested by A&B should be denied, and the Court should enter judgment in Plaintiff's favor, including the following:

1.      That the A&B's counterclaims be dismissed with prejudice;

2.      That the SLIC® mark be declared invalid and not infringed by Plaintiff;

3.      That A&B be declared not to own any common law rights to the mark "SLIC";

4.      That Plaintiff be declared not to have engaged in unfair competition;

5.      That Plaintiff be declared not to have breached any contract or implied contract;

6.      That Plaintiff be declared not to have been unjustly enriched;

7.      That Plaintiff be declared not to have engaged in false representation or false advertising;

8.      That Plaintiff be declared not to have tortiously interfered with A&B; and

9.      Such other and further relief as this Court deems equitable and just.

Respectfully submitted,

s/ Mark C. Johnson
Jay R. Campbell (JRC-7158)
Kyle B. Fleming (KF-2327)
Mark C. Johnson (MCJ-3608)
RENNER, OTTO, BOISSELLE & SKLAR, LLP
1621 Euclid Avenue
Nineteenth Floor
Cleveland, Ohio 44115
Phone: (216) 621-1113
Fax:    (216) 621-6165

KANE KESSLER, P.C.
Adam M. Cohen (AMC-9918)
Lauren M. Dayton (LMD-9291)
1350 Avenue of the Americas
New York, New York 10019-4896
Phone: (212) 541-6222
Fax:    (212) 245-3009

*Attorneys for Plaintiffs and Counterdefendant*
*Vedeqsa S.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2008, a true copy of the foregoing was filed electronically. Notice of this filing will be sent to counsel for Plaintiffs and Vedeqsa S.A. and counsel for A&B by operation of the Court's electronic filing system.  In addition, a copy of the foregoing was sent to the following by FedEx:

President
Purac America Inc.
111 Barclay Boulevard
Lincolnshire, Illinois 60069

s/ Mark C. Johnson
*An Attorney for Plaintiffs and Counterdefendant Vedeqsa S.A.*